**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:

Thomas Hugh Rondello, Jr.
Josephine Rondello

Case No.: _____18-26212_____

Judge: _____CMG_____

Debtor(s)          1st modified

## Chapter 13 Plan and Motions

☐ Original          ☐ Modified/Notice Required          Date: 06/18/2019

☐ Motions Included          ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/WHO__          Initial Debtor: ____/s/ THR____          Initial Co-Debtor: _____/s/ JR_____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____1,136.00_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____July 1, 2019_____ for approximately _____50_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

⊠    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:    Adequate Protection ☒ NONE

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |
| Internal Revenue Service | Federal Income Tax | $5,138.62 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Seterus,Inc. | 167 Bay Harbor Blvd., Brick, NJ | $46,203.88 | 0 | $46,203.88 | $1,449.51 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments  ☐ NONE**

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Chase | 167 Bay Harbor Blvd., Brick, NJ | $3,520.00 | $184,000.00 | $272,014.57 | $3,520.00 | 0 | 0 |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender  ☒ NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Lexus Financial Services - car loan to be paid outside of Plan.

**g. Secured Claims to be Paid in Full Through the Plan**:  ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _100_____ percent

☐ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:    Motions  ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Chase | 167 Bay Harbor Blvd., Brick, NJ | $3,520.00 | $184,000.00 | $272,014.57 | $3,520.00 | $3,520.00 |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.  ☒ NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

    1) Ch. 13 Standing Trustee commissions

    2) Other Administrative Claims - William H. Oliver

    3) Secured Claim

    4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 08/27/2018_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| extending length of chapter 13 plan to 50 months | part 1a: extending length of chapter 13 plan to 50 months |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes      ☒   No

## Part 10:   Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 06/18/2019

/s/ Thomas H. Rondello, Jr.
Debtor

Date: 06/18/2019

/s/ Josephine Rondello
Joint Debtor

Date: 06/18/2019

/s/ William H. Oliver, Jr.
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

```
In re:                                                              Case No. 18-26212-CMG
Thomas Hugh Rondello, Jr.                                           Chapter 13
Josephine Rondello
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-3           User: admin            Page 1 of 2           Date Rcvd: Jun 19, 2019
                               Form ID: pdf901        Total Noticed: 30
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 21, 2019.
```
db/jdb      +Thomas Hugh Rondello, Jr.,  Josephine Rondello,  167 Bay Harbor Blvd,  Brick, NJ 08723-7914
cr          +Nationstar Mortgage LLC d/b/a Mr. Cooper,  Stern, Lavinthal & Frankenberg, LLC,
             105 Eisenhower Parkway,  Suite 302,  Roseland, NJ 07068-1640
cr          +Seterus, Inc., as authorized sub-servicer for Fede,  Stern, Lavinthal & Frankenberg, LLC,
             105 Eisenhower Parkway,  Suite 302,  Roseland, NJ 07068-1640
517699670   +Amex,  Correspondence,  Po Box 981540,  El Paso, TX 79998-1540
517752099   +Bank of America, N.A.,  P O Box 982284,  El Paso, TX 79998-2284
517699673   +Capital One Bank,  c/o Lyons, Doughty & Veldhuis, P.C.,  P. O. Box 1269,
             Mount Laurel, NJ 08054-7269
517699674   +Chase,  Attn: Correspondence Dept,  Po Box 15298,  Wilmingotn, DE 19850-5298
517699675   +Chase Bank Usa, Na,  Po Box 15298,  Wilmington, DE 19850-5298
517699677   +Lexus Financial Services,  P.O. Box 5236,  Carol Stream, IL 60197-5236
518307234   +Nationstar Mortgage LLC d/b/a Mr. Cooper,  PO BOX 619094,  Dallas, TX 75261-9094
518307235   +Nationstar Mortgage LLC d/b/a Mr. Cooper,  PO BOX 619094,  Dallas, TX 75261,
             Nationstar Mortgage LLC d/b/a Mr. Cooper,  PO BOX 619094,  Dallas, TX 75261-9094
517699679   +Ocean Medical Center,  P.O. Box 416801,  Boston, MA 02241-6801
517699678   +Ocean Medical Center,  c/o Commonwealth Financial Systems,  245 Main Street,
             Dickson City, PA 18519-1641
517699682   +Performant Recovery, Inc.,  PO Box 9045,  Pleasanton, CA 94566-9028
517738539   ++STATE OF NEW JERSEY,  DIVISION OF TAXATION BANKRUPTCY UNIT,  PO BOX 245,
             TRENTON NJ 08646-0245
             (address filed with court:  State of New Jersey,  Department of Treasury,
             Division of Taxation,  P.O. Box 245,  Trenton, NJ 08695-0245)
517699683   +Seterus Inc,  c/o Stern Lavinthal & Frankenberg, LLC,  105 Eisenhower Parkway, Suite 302,
             Roseland, NJ 07068-1640
517699684   #Seterus Inc,  PO Box 11790,  Newark, NJ 07101-4790
517761523   #+Seterus, Inc.,  P.O. Box 1047,  Hartford, CT 06143-1047
517699685   +State of New Jersey,  Division of Taxation,  PO Box 245,  Trenton, NJ 08602-0245
517699686   +Stern Lavingthal & Frankenberg,  105 Eisenhower Parkway, ste. 302,  Roseland, NJ 07068-1640
517699687   +The Doctors' Office,  484 Temple Hill Road, Suite 104,  New Windsor, NY 12553-5529
517743517   +Toyota Motor Credit Corporation,  PO Box 9013,  Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jun 20 2019 00:18:13    U.S. Attorney,  970 Broad St.,
             Room 502,  Rodino Federal Bldg.,  Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 20 2019 00:18:09    United States Trustee,
             Office of the United States Trustee,  1085 Raymond Blvd.,  One Newark Center,  Suite 2100,
             Newark, NJ 07102-5235
517699671   +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jun 20 2019 00:23:43    Capital One,
             Po Box 30285,  Salt Lake City, UT 84130-0285
517699676    E-mail/Text: cio.bncmail@irs.gov Jun 20 2019 00:17:43    Internal Service Revenue,
             PO Box 7346,  Philadelphia, PA 19101-7346
517699680   +E-mail/PDF: cbp@onemainfinancial.com Jun 20 2019 00:23:01    One Main,  PO box 1010,
             Evansville, IN 47706-1010
517699681   +E-mail/PDF: cbp@onemainfinancial.com Jun 20 2019 00:23:58    Onemain Financial/Citifinancial,
             6801 Colwell Blvd,  Ntsb-2320,  Irving, TX 75039-3198
517801896    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 20 2019 00:23:45
             Portfolio Recovery Associates, LLC,  c/o Capital One Bank, N.a.,  POB 41067,
             Norfolk VA 23541
517828705    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 20 2019 00:23:19
             Portfolio Recovery Associates, LLC,  c/o Onemain Financial Group, LLC (de),  POB 41067,
             Norfolk VA 23541
                                                                          TOTAL: 8
```

```
        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517699672*    Capital One,  PO Box 30285,  Salt Lake City, UT 84130-0285
                                                          TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-3          User: admin              Page 2 of 2            Date Rcvd: Jun 19, 2019
                             Form ID: pdf901           Total Noticed: 30
```

                 ***** BYPASSED RECIPIENTS (continued) *****


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 21, 2019                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 18, 2019 at the address(es) listed below:
              Albert  Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Jeanette F. Frankenberg    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper
               cmecf@sternlav.com
              Jeanette F. Frankenberg    on behalf of Creditor   Seterus, Inc., as authorized sub-servicer for
               Federal National Mortgage Association ('Fannie Mae'), a corporation organized and existing under
               the laws of the United States of America cmecf@sternlav.com
              Kevin Gordon McDonald    on behalf of Creditor   Toyota Motor Credit Corporation
               kmcdonald@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Maria  Cozzini    on behalf of Creditor   Seterus, Inc., as authorized sub-servicer for Federal
               National Mortgage Association ('Fannie Mae'), a corporation organized and existing under the
               laws of the United States of America mcozzini@sternlav.com
              Maria  Cozzini    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper
               mcozzini@sternlav.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              William H. Oliver, Jr.    on behalf of Debtor Thomas Hugh Rondello, Jr. bkwoliver@aol.com,
               R59915@notify.bestcase.com
              William H. Oliver, Jr.    on behalf of Joint Debtor Josephine  Rondello bkwoliver@aol.com,
               R59915@notify.bestcase.com
                                                                              TOTAL: 10
```